**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

IN RE:  CASE NO.: 22-13182-amc
 CHAPTER 13
**Ashraful M. Islam,**
 Debtor.

_____/

**U.S. Bank Trust National
Association, not in its individual
capacity but solely as owner trustee
for RCF 2 Acquisition Trust c/o U.S.
Bank Trust National Association,**

 Movant,
v.

**Ashraful M. Islam,
Dilruba Islam,
Scott F. Waterman,**

 Respondents.

_____/

**MOTION FOR PROSPECTIVE IN-REM RELIEF FROM
AUTOMATIC STAY FOR A PERIOD OF TWO YEARS**

Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause with prospective *in rem* relief as applied to the subject property for a period of two years, and, in support thereof, states the following:

1. Debtor, Ashraful M. Islam, filed a voluntary petition pursuant to Chapter 13 of the United

States Bankruptcy Code on November 29, 2022.

2. Secured Creditor holds a security interest in the Debtor's real property located at 1611 Clearview Road, Lansdale, Pennsylvania 19446 (hereinafter "Subject Property").

3. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

4. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**MORTGAGE BACKGROUND AND PROCEDURAL HISTORY**

5. On July 17, 2007, Ashraful M. Islam executed and delivered a Promissory Note ("Note") in the amount of $273,568.00 to Nationstar Mortgage LLC. On July 17, 2007, Ashraful M. Islam (the "Borrower") and Dilruba Islam ("Non-Obligor Mortgagee") executed and delivered a Mortgage ("Mortgage") to Nationstar Mortgage LLC. A true and correct copy of the Note is attached hereto as Exhibit "A."

6. Dilruba Islam, hereinafter referred to as "Non-Obligor Mortgagee" is/are a co-debtor on certain debt(s) owed to Movant or otherwise responsible for the obligation.

7. The Mortgage was recorded on September 18, 2007, as Instrument Number 2007131974 of the Public Records of Montgomery County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

8. The Mortgage was secured as a lien against the property located in Montgomery commonly known as 1611 Clearview Road, Lansdale, Pennsylvania 19446.

9. A loan modification agreement was entered into on November 23, 2011, creating a new

principal balance of $311,820.12. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

10. The loan was assigned to The Bank of new York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A and said Assignment of Mortgage was recorded with the Montgomery Recorder of Deeds on September 25, 2014 as Instrument Number 2014064007. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

11. A loan modification agreement was entered into on October 20, 2015, creating a new principal balance of $362,835.30. A true and correct copy of the Agreement is attached hereto as Exhibit "E."

12. The loan was assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper and said Assignment of Mortgage was recorded with the Montgomery Recorder of Deeds on September 20, 2019 as Instrument Number 2019065998. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "F."

13. The loan was assigned to Morgan Stanley Mortgage Capital Holdings and said Assignment of Mortgage was recorded with the Montgomery Recorder of Deeds on January 24, 2020 as Instrument Number 2020006343. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "G."

14. The loan was assigned to FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holdings LLC and said Assignment of Mortgage was recorded with the Montgomery Recorder of Deeds on May 14, 2020 as Instrument Number 2020034470. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "H."

15. The loan was lastly assigned to US Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust and said Assignment of

Mortgage was recorded with the Montgomery Recorder of Deeds on June 22, 2021 as Instrument Number 2021071805. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "I."

16. Secured Creditor filed a foreclosure complaint against the Borrower on January 2, 2018 in the Court of Common Pleas for Montgomery County, Number: 2018-00090, due to the default under the terms of the Note and Mortgage on the property securing Secured Creditor's interest in certain real property legally described as:

> ALL THAT CERTAIN PIECE OF PARCEL OF LAND SITUATE IN THE TOWNSHIP OF UPPER GWYNEDD, IN THE COUNTY OF MONTGOMERY, AND STATE OF PENNSYLVANIA, BOUNDED AND DESCRIBED IN ACCORDANCE WITH A PLAN THEREOF MADE BY FRANCIS F. WACK, REGISTERED SURVEYOR, DATED MARCH 30, 1949, AS FOLLOWS, TO WIT:
>
> BEGINNING AT A POINT IN THE CENTER LINE OF CLEARVIEW ROAD, FIFTY FEET WIDE, AT THE DISTANCE OF FIVE HUNDRED SEVENTEEN AND THIRTY FOUR ONE HUNDREDTHS FEET SOUTHWESTWARDLY FROM THE POINT FORMED BY THE INTERSECTION OF THE CENTER LINE OF CLEARVIEW ROAD WITH CENTER LINE OF SPRINGHOUSE AND SUMNEYTOWN PIKE, FIFTY FEET WIDE, THENCE EXTENDING SOUTH FORTY ONE DEGREES FORTY NINE MINUTES EAST, TWO HUNDRED NINE FEET TO A POINT, THENCE EXTENDING ALONG LAND NOW OR LATER OF IGNATIUS SARGENT SOUTH FORTY EIGHT DEGREES ELEVEN MINUTES WEST, ONE HUNDRED FEET TO A POINT, THENCE EXTENDING NORTH FORTY ONE DEGREES FORTY NINE MINUTES WEST TWO HUNDRED NINE FEET TO A POINT IN THE CENTER LINE OF CLEARVIEW ROAD AFORESAID, THENCE EXTENDING LONG THE CENTER LINE OF CLEARVIEW ROAD, NORTH FORTY EIGHT DEGREES ELEVEN MINUTES EAST, ONE HUNDRED FEET TO THE FIRST MENTIONED POINT AND PLACE OF BEGINNING. BEING LOT 12 ON THE SAID PLAN.

17. This property is located at the street address of: 1611 Clearview Road, Lansdale, Pennsylvania 19446.

**BANKRUPTCY HISTORY OF ASHRAFUL ISLAM:**

18. The Present Case is the fourth (4th) bankruptcy case commenced by the Debtor, all having been filed in this Court. These cases all have involved the Property in some manner that triggered the automatic stay under Bankruptcy Code section 362.

19. The prior cases filed by the Debtor are:

    a. Case number 18-13518, Chapter 13 filed on May 29, 2018 and dismissed on October 3, 2018 for failure to make Plan payments;

    b. Case number 18-17107, Chapter 13 filed on October 26, 2018 and dismissed on November 20, 2018 for failure to timely file all required documents;

    c. Case number 21-10190, Chapter 13 filed on January 26, 2021. Movant filed a Motion for Relief due to a post-petition default which was granted October 21, 2021 and the case was subsequently dismissed on April 18, 2022 upon the Motion of the Debtor.

**BANKRUPTCY HISTORY OF DILRUBA ISLAM:**

20. The Non-Filing Spouse, Dilruba Islam, filed Case number 22-11061, a Chapter 13 case on April 26, 2022 which was dismissed on December 6, 2022 for failure to provide sufficient information to the Trustee.

**CO-DEBTOR STAY UNDER BANKRUPTCY CODE SECTION 1301(a)**

21. Under Bankruptcy Code section 1301(a), a co-debtor stay went into effect upon the Case commencement with respect to Dilruba Islam and her interests in the Property.

**REQUEST FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

22. Secured Creditor requests that the Court grant it prospective in-rem relief from the automatic stay pursuant to 362(d)(1) of the Bankruptcy Code for a period of at least two (2) years so that no stay can be imposed as to the subject property by any future bankruptcy filing by any person or entity. Secured Creditor submits that the aforementioned described bad faith shown by the Debtor and co-debtor were done solely

for the purpose of using the bankruptcy stay provisions to delay the foreclosure sale of the Subject Property and constitute grounds for prospective in rem relief.

23. Secured Creditor submits that it is entitled to prospective relief from the automatic stay for cause, to wit, the lengthy history of bankruptcy filings and filing of the instant bankruptcy petition, which filings evidence a lack of good faith. *See In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

24. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for Debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted).    *See al*

25. Thus, a debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan.

26. All of the Circuit Courts have embraced a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors related to the

contents of a Debtor's plan <u>as well as conduct of the Debtor</u>, following the Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

27. Secured Creditor respectfully suggests Debtor's actions are indicative of the intention to delay and hinder Secured Creditor without benefit. These actions are in contravention of the Bankruptcy Code's good faith provision, which serves to prevent the bankruptcy forum from becoming a revolving door for Debtor who, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

28. It is clear from the history of the Mortgage account that the Debtor either does not have the ability or does not intend to make payments to Secured Creditor.

29. Upon review of internal records, Secured Creditor anticipates filing a Proof of Claim with an approximate pre-petition arrearage of $96,642.26.

30. On January 9, 2023 Debtor filed a Chapter 13 Plan which provides $0.00 in Trustee payments to cure Secured Creditor's pre-petition arrearages. Furthermore, the Chapter 13 Plan provides for the curing a Secured Creditor's pre-petition arrearages through the speculative sale of a separate real property.

31. Secured Creditor's security interest in the subject property is being significantly jeopardized by the Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

32. Secured Creditor respectfully requests this Court grant it prospective *in rem* relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for

cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

33. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

34. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

*{Remainder of page intentionally left blank}*

**WHEREFORE**, Secured Creditor prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) for a period of two (2) years to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: January __13__, 2023

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
130 Clinton Rd #202
Fairfield, NJ 07004
Telephone: 470-321-7112
By: /s/ Charles G. Wohlrab
Charles Wohlrab, Esquire
Pennsylvania Bar No. 314532
Email: CWohlrab@raslg.com