**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

| | | |
|---|---|---|
| **ASHRAFUL M. ISLAM,** | : | **CHAPTER 13** |
| | : | |
| **Debtor.** | : | **BANKRUPTCY NO. 22-13182-amc** |

**EXPEDITED MOTION IN LIMINE TO PRECLUDE INTRODUCTION OR USE OF ANY AND ALL EXHIBITS IDENTIFIED BY EXCEL FINANCIAL CORP., BUT NOT PROVIDED TO DEBTOR, AND ANY AND ALL EXHIBITS REQUESTED IN DISCOVERY BUT NOT PRODUCED BY EXCEL FINANCIAL CORP., OR IN THE ALTERNATIVE, TO COMPEL DISCOVERY AND RESCHEDULE HEARINGS, AND FOR REASONABLE ACCOMMODATION FOR DEBTOR'S MEANINGFUL PARTICIPATION IN HEARINGS CURRENT SCHEDULES ON APRIL 7, 2025**

The Debtor, Ashraful M. Islam, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves this Honorable Court for expedited consideration of the Debtor's Motion in Limine to Preclude Introduction or Use of Any and All Exhibits Identified by Excel Financial Corp., but Not Provided to Debtor, and Any and All Exhibits Requested in Discovery but Not Produced by Excel Financial Corp., or in the Alternative, to Compel Discovery and Reschedule Hearings, and for Reasonable Accommodation for Debtor's Meaningful Participation in Hearings Currently Scheduled on April 7, 2025, and in support thereof respectfully represent as follows:

1. This case was filed by the Debtor on November 29, 2022.

2. Scott F. Waterman, Esquire, is the Standing Chapter 13 Trustee in the case.

3. On or about December 19, 2022, Excel Financial Corp. filed a Motion for Relief from the Automatic Stay, to which the Debtor filed a response on January 3, 2023 (the "Motion for Relief").

4. On or about February 2, 2023, Excel Financial Corp. filed Proof of Claim No. 4 in the Debtor's case.

5. On or about June 18, 2023, Debtor filed an Objection to Claim No. 4 filed by Excel Financial Corp. (the "Claim Objection").

6. The hearings on the Motion for Relief and Claim Objection were first consolidated for hearing on November 2, 2023, continued together until December 14, 2023, then February 15, 2024, and have since been continued together a number of times for various reasons.

7. On January 15, 2024, Debtor served on Excel Financial Corp. a Notice of Deposition pursuant to Bankruptcy Rule 7030 and Fed.R.Civ.P. 30(b)(6), together with Request for Production of Documents pursuant to Bankruptcy Rule 7030, Fed.R.Civ.P. 30(b)(2), and Bankruptcy Rule 7034, *inter alia*, scheduling the Deposition of Excel Financial Corp. on February 14, 2024 (copies of e-mail and Notice of Deposition/Request for Production attached hereto and incorporated herein, marked as Exhibit "A").

8. Although Debtor indicated that the deposition could be rescheduled if the scheduled date were not convenient for Excel Financial Corp., and did not file a motion to compel Excel's response to the Request for Production of Documents as long as the parties were discussing settlement and trying to resolve any issues regarding the scope of discovery, Excel Financial Corp. never responded with any alternative dates for the Deposition and only provided limited documents on January 23, 2024, indicating that a motion for a protective order would be filed (it was never filed).

9. On or about February 5, 2024, Excel Financial Corp. filed an Amended Proof of Claim No. 4 in the Debtor's case.

10. After several changes of counsel for Excel Financial Corp. and an extended period of

time during which the consolidated hearings were postponed first due to the Debtor's

health and most recently due to the health of counsel for Excel Financial Corp., the

parties agreed to the latest continuance from February 6, 2025, until the current date

for the hearings, April 7, 2025, in order for, *inter alia*, Excel Financial Corp. to more

fully respond to the Debtor's discovery requests, and for the parties to attempt to

negotiate a settlement of the two consolidated matters.

11. .On February 4, 2025, the Debtor's counsel expressed reservations to the Court about

the Debtor's being able to participate in the hearings due to his blindness, without

reasonable accommodations, and also about his ability to participate by zoom.

12. Thereafter, Debtor's counsel researched both the Bankruptcy Court and District Court

websites for information on accommodations available for blind persons who need to

participate in Court proceedings, was referred to and spoke with Michael Finney, Court

Services Manager for the U.S. District Court for the Eastern District of Pennsylvania,

beginning on February 5, 2025.

13. Mr. Finney conducted research and made inquiries regarding the Debtor's request for

information on accommodations available for blind litigants, and ultimately concluded

and communicated to Debtor's counsel that the Court system did not appear to have

any services available to assist blind persons with participating in hearings.

14. Debtor continues to have a serious concern about his ability to participate in any

meaningful way in a proceeding where many documents will be the subject of

prospective testimony by witnesses, including himself, none of which he can read.

15. Debtor again expressed his reservations about being able to effectively participate in

the consolidated hearings, particularly on zoom, in another e-mail to the Court sent on

April 4, 2025.

16. In the meantime, on April 1, 2025, the Court requested the parties to provide all documents for the consolidated hearings by April 3, 2025.

17. Not only did Excel Financial Corp. not ever respond to the Debtor's Request for Production of Documents, but also failed to copy Debtor's counsel with any exhibits other than Exhibits 55 and 56 on April 4, 2025, at 4:08 p.m., through a legal assistant, Rose Sam.

18. Debtor's counsel researched whether he had received a previous e-mail with the other exhibits attached, and found that Ms. Sam had sent an e-mail with a dropbox link on March 7, 2025.  At the time, Debtor's counsel, who receives 100-200 e-mails per day, about half of which are junk, had no idea who Rose Sam was, and was not focused on the Islam case since the hearings were a month away, and therefore never opened the a-mail.

19. When Debtor's counsel located the March 7, 2025 e-mail from Ms. Sam, he tried to access the documents through the dropbox link, but it was blocked by security measures on the network, so Debtor's counsel immediately wrote back to Ms. Sam on April 4, 2025, at 4:39 p.m., with a copy to Mr. Nemeroff, requesting that copies of all the other documents be sent by e-mail.

20. No response was received from Ms. Sam, although Mr. Nemeroff responded on Saturday, April 5, 2025, at 2:57 p.m., indicating that Debtor/Debtor's counsel should have been able to access the dropbox link, but not providing copies of the documents.

21. Debtor's counsel was not in the office on Saturday afternoon and did not see Mr. Nemeroff's response until Sunday, April 6, 2025.

22. Although counsel conducted an e-mail exchange beginning on Sunday morning, April 6, 2025, including Debtor's offer not to object to the introduction of the documents if they were provided by mid-day on April 6, 2025, the pdf documents of the exhibits were never sent to the Debtor/Debtor's counsel.

23. At this juncture, Debtor still does not have any of Excel Financial Corp.'s proposed exhibits other than the two sent late on Friday, April 4, 2025, which were untimely. Despite the offer to waive any objection to proceeding with introduction of the exhibits if they were sent by mid-day Sunday after being requested within about a half hour of Rose Sam's e-mail and still within normal business hours with sufficient time for the exhibits to be e-mailed, Excel Financial Corp. has not provided copies of its documents to the Debtor.  Moreover, Excel Financial Corp. has never responded to Debtor's Request for Production of Documents in over a year since Debtor submitted the discovery request, despite numerous reminders that there were outstanding discovery requests, including near the time in early February, 2025, when the consolidated hearings were last continued by agreement, in part due to the failure of Excel Financial Corp. to respond to Debtor's discovery requests.

24. The situation regarding Mr. Islam's ability to participate or present his case in any meaningful way without reasonable accommodations provided by the Court is greatly exacerbated by Excel Financial Corp.'s failure to provide the exhibits it intends to introduce into evidence, so that Debtor's counsel could have at least had some time to orally read/describe each document to the Debtor in preparation for the hearings.

25. For obvious reasons, i.e., the fact that the matters raised in this Motion in Limine will be moot if not decided before the April 7, 2025 consolidated hearings, the Debtor

requests expedited consideration of this motion.  Debtor's counsel informed counsel for Excel Financial Corp. that Debtor would be seeking to preclude Excel from introducing any exhibits if the documents were not sent by mid-day on Sunday, April 6, 2025, and therefore has consulted with opposing counsel in compliance with Local Bankruptcy Rule 5070-1(g)(1).

**WHEREFORE**, the Debtor requests this Honorable Court to enter an Order precluding Excel Financial Corp. from presenting any exhibits, or presenting testimony based on exhibits, at a consolidated April 7, 2025 hearing on Excel Financial Corp.'s filed a Motion for Relief from the Automatic Stay and the Debtor's Objection to Proof of Claim No. 4, or in the alternative Excel Financial Corp. may elect to fully respond to the Debtor's discovery requests submitted on January 15, 2024, and thereafter request that the consolidated hearings on the above matters be relisted for hearing; and providing reasonable accommodations for the Debtor to fully participate in the consolidated hearings should they be rescheduled.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:


Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor